FILED
2020 Dec-09 PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

ELECTRONICALLY FILED
9/8/2020 2:29 PM
68-CV-2020-900658.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | | |
|---|---|---|
| **SHANNON DANIEL BURT**<br>**Plaintiff** | ) | |
| **VS.** | ) | **PLAINTIFF DEMANDS A TRIAL BY JURY** |
| **THE CITY OF PLEASANT GROVE, ALABAMA,**<br>**CORPORAL JAMES J. WILLIAMSON**<br>**In his individual capacity,**<br>**SERGEANT ALAN R. BAGWELL**<br>**In his individual capacity,**<br>**Lt. DANIEL G. REID**<br>**In his individual capacity,**<br>**CORPORAL MATTHEW STONE**<br>**In his individual capacity,**<br>**OFFICER RYAN**<br>**In his individual capacity,**<br>**ADA BUTLER**<br>**In his Individual capacity,**<br>**FICTITIOUS PARTY A,**<br>**FICTITIOUS PARTY B,**<br>**FICTITIOUS PARTY C,**<br>**FICTITIOUS PARTY D,** | ) | |
| **Defendants** | | |

Comes Now, Shannon Daniel-Burt, with her initial complaint against the City of Pleasant Grove, Alabama, and Pleasant Grove Police Officers, Sgt. Paul Roberts, Officer Kyler, Sgt. Vick, Sgt. Bagwell, Corporal Williamson, Officer Kaylor, Corporal Stone, Officer Knight, Lt. Reid, Officer Ryan, ADA Butler, and any other Pleasant Grove or other Officers and or Officials or Agents who are unknown at this time but whose identity may become known at a later date, in their official and in their individual capacities. Ms. Burt, also pleads against fictitious parties, A, B, C and D.

## PARTIES

Shannon Daniel-Burt (hereafter referred to as "Plaintiff") is over the age nineteen years of age who resided at 424 4th St. Pleasant Grove, Al. 35217 at all times relevant to this complaint.

The City of Pleasant Grove Alabama is a Municipal Corporation, incorporated in Jefferson County, in the State of Alabama. The allegations of this Complaint presume the City is directly liable for its negligently training and supervising the officers of its police department, for demanding that the plaintiff have in place an Order of protection from abuse before they would enjoin the plaintiff's ex-boyfriend from entering her real property illegally and without her consent and permission, and for failing to do so, after being put on notice that a protection from abuse order was in place (PFA), and for liability under the theory of respondeat superior for their wrongful acts including but not limited to negligence, wantonness, carelessness, failure to properly train and supervise its officers, and unskillfulness of its agents.

Sgt. Paul Roberts, Officer Kyler, Sgt. Vick, Sgt. Bagwell, Corporal Williamson, Officer Kaylor, Corporal Stone, Officer Knight, Lt. Reid, Officer Ryan, are over the age of nineteen years of age and worked within county limits of Jefferson County, Ala. were duly sworn officers for the Pleasant Grove, Al. Police Dept. at all times relevant to this case. Sgt. Paul Roberts, Officer Kyler, Sgt. Vick, Sgt. Bagwell, Corporal Williamson, Officer Kaylor, Corporal Stone, Officer Knight, Lt. Reid, Officer Ryan, were all acting in their official capacities as well as in their personal capacity during the times and events alleged in this complaint. Sgt. Paul Roberts, Officer Kyler, Sgt. Vick, Sgt. Bagwell, Corporal Williamson, Officer Kaylor, Corporal Stone, Officer Knight, Lt. Reid, Officer Ryan, who the plaintiff alleges were acting outside the line and scope of their duties as agents for the

City of Pleasant Grove, Al., acted willfully, maliciously, in bad faith or mistaken interpretation of the law, and/or negligently, carelessly, or with unskillfulness, by breaching a duty owed to the plaintiff and/or depriving the plaintiff of her interest in personal and or real property, and failing to enforce the laws of this state as set forth in the complaint below.

Fictitious party A, in his individual capacity, is an agent of the City Pleasant Grove, Al., who acting outside of the line and scope of his duties, acted willfully, maliciously, in bad faith or mistaken interpretation of the law, and/or negligently, carelessly, or with unskillfulness, by breaching a duty owed to the plaintiff and/or depriving the plaintiff of her interest in personal property, and failing to enforce the laws of this state, as set forth in the complaint below.

Fictitious party B, in his individual capacity, is an agent of the City Pleasant Grove, Al., who acting outside of the line and scope of his duties, acted willfully, maliciously, in bad faith or mistaken interpretation of the law, and/or negligently, carelessly, or with unskillfulness, by breaching a duty owed to the plaintiff and/or depriving the plaintiff of her interest in personal and or real property, as set forth in the complaint below.

Fictitious party C, in his individual capacity, is an agent of the City Pleasant Grove, Al., who acting outside of the line and scope of his duties, acted willfully, maliciously, in bad faith or mistaken interpretation of the law, and/or negligently, carelessly, or with unskillfulness, by breaching a duty owed to the plaintiff and/or depriving the plaintiff of her interest in personal and or real property , and failing to enforce the laws of this state, as set forth in the complaint below.

Fictitious party D, in his individual capacity, is an agent of the City Pleasant Grove, Al., who acting outside of the line and scope of his duties, acted willfully, maliciously, in bad faith or mistaken interpretation of the law, and/or negligently, carelessly, or with unskillfulness, by breaching a duty owed to the plaintiff and/or depriving the plaintiff of her interest in personal and or real property, and failing to enforce the laws of this state, as set forth in the complaint below.

## VENUE

Venue is property in Jefferson County, Alabama pursuant to Ala. Code § 6-3-7(a)(1) as a substantial part of the events acts or omissions giving rise to Shannon Burt's claim in this lawsuit arose in Pleasant Grove, Alabama, which is incorporated in this County.

## BACKGROUND FACTS

1. The Plaintiff alleges that she was formerly romantically involved with an individual presently not a party in this suit, Mr. Charles Spidell who may be added if appropriate in the future.
2. On or about October 14, 2018, the parties ended their relationship at which time Mr. Spidell removed his belongings and moved out of the home and at the same time removed electrical fixtures and vandalized the home by destroying the tile flooring in the basement.
3. Plaintiff alleges that on or about October 17, 2018, a Jefferson County Sheriff's Deputy met Plaintiff at the Bessemer County Court house where she filed a complaint for harassment and threats of violence from Spidell.
4. The plaintiff informed the responding Jefferson County Deputy that she owned the house, and that Spidell was angry, had been verbally abusive and needed to vacate the premises.

5. The plaintiff alleges, on or about October 26, 2018, The Jefferson County Family Court issued a Protective Order to Plaintiff against Defendant Spidell restraining him from contact with Plaintiff and her property etc.(See Exhibit A attached pp 3-5) (Case No.: DR 2018 300217, 300223) against Charles Spidell, Jr. (Hereafter PFA)
6. The plaintiff asserts the protective order of October 26,2018 expressly states Mr. Spidell was restrained from having any contact with the plaintiff's property or residence and he was to stay a minimum of 300 feet from the residence, even if it is shared. (See Exb. A pg. 4 para. 3).
7. Plaintiff asserts that on or about, October 31. 2018, a copy of the protective order was provided to the Pleasant Grove Police Department by Kimberly Keyes, an associate of the plaintiff.
8. Plaintiff asserts that on or about October 14, 2018 Spidell forced Plaintiff and her children from her residence under threat of violence.
9. Upon reporting the home invasion to the Pleasant Grove police department while the incident was in progress officers responded to her residence but took no action claiming it was a civil matter.
10. Said Pleasant Grove agents at the scene told Plaintiff it was "civil matter" and refused to act or intervene in the domestic violence and burglary of her home then in progress as reported.
11. Plaintiff specifically informed the Pleasant Grove police department at that same time that the perpetrator forcibly took her cell phone from her, damaged it and then took it from the premises with him with no right or legal authority to do.

12. Plaintiff also informed Pleasant Grove that the phone case the phone was in also contained her drivers license and debit card which was also taken.
13. Spidell removed all the light fixtures and breakers from the home on that same day.
14. The following day on or about October 15, 2018 Spidell returned to the Plaintiff's residence and removed all of his furniture, clothing, and personal items from the home.
15. Despite Pleasant Grove's knowledge of the criminal acts of domestic violence and theft of property at the time, Pleasant Grove failed and refused to protect Plaintiff and her property by coming to the scene and enforcing the laws of the State of Alabama and the Constitution of the United States of America.
16. On or about October 16, 2018 when Plaintiff returned to her residence, she found the home had again been invaded with items burglarized and furnishings moved and vandalized.
17. Plaintiff again called Pleasant Grove police to report the burglary and vandalism.
18. Pleasant Grove police arrived at the scene and observed the damage and were appraised of the theft and that Plaintiff had reason to believe Spidell and or his relatives were responsible the officers again refused to take her complaint, file a report or investigate the home invasion despite being given information on the probable perpetrators of the crimes.
19. Plaintiff had called the Pleasant Grove Police Department on at least five (5) separate occasions during this time frame in which said police officers would only complete one (1) report and amended it to reflect two other incidents only after her adamant instance.
20. Said responding officers also informed Plaintiff Daniel-Burt they had no obligation to protect her from Spidell if she did not secure a Protection From Abuse (PFA) Oder first.
21. A certified copy of the Protective Order against Spidell was provided to the Pleasant Grove Clerks office on or about October 31, 2018.

22. Plaintiff asserts, on or about November 6, 2018, Spidell violated the Protective Order, and appeared at her residence and confronted her god-daughter, Arial Nalley (hereafter Nalley) and her uncle Steve Roberts (hereafter Steve) , who were house-sitting while the plaintiff was out of town.

23. The plaintiff asserts, Ms. Nalley, informed officer Roberts and the other officers that responded to the scene, that the plaintiff had a Protective Order against Mr. Spidell.

24. Steve also provided the responding officers and Spidell with a copy of the Protective Order.

25. The plaintiff asserts the officers from the Pleasant Grove P. D. responded to a domestic complaint alleging violation of the Protective Order by Spidell on or about November 6, 2018.

26. Nalley and Steve who were guests at the residence authorized by Plaintiff presented the Pleasant Grove P.D. Officers with a copy of the Protective Order already in place ordering Spidell to keep away from Plaintiff her children and her Home (See Exb. A pp 3-5).

27. Despite knowledge of and possession of the protective order the responding officers failed to Order Spidell off the premises and instead forced lawful occupants Nally and Steve from the house taking physical possession of the house, and allowing Spidell full custody and control of the house to which he had no legal right facilitating aiding and abetting Spidell in the burglary and vandalism of the home at that time.

28. Plaintiff asserts, that according to the Pleasant Grove I/O report, the officers on the erroneously informed all parties on the scene that the Protective Order was only effective if the plaintiff was at the house when Spidell was on the property which was completely false (See Exhibit B I/O Report 11/06/18 attached).

29. Despite having been appraised of the Protective Order that was in effect at that time, the Pleasant Grove P.D. officers Corporal Stone, Officer Knight, Officer Gulley, and Sgt. Roberts acted willfully, maliciously, in bad faith or mistaken interpretation of the law, and/or negligently, carelessly, or with unskillfulness, by breaching a duty owed to the plaintiff and/or depriving the plaintiff of her interest in personal and real property, and failing to enforce the laws of this state by not arresting Spidell who was in the act of violating a valid Protective Order.

30. Defendants then further violated Plaintiff's rights under Federal and State Law by failing to prevent the burglary and vandalism that ensued, and unlawfully removing Nally and Steve from the residence who had a right to be there as authorized possessors of the premises in the absence of the Plaintiff.

31. Plaintiff asserts, that on or about November 6, 2018 Pleasant Grove Police Dept., failed to enforce a valid Court Order (Protective Order) which they had full and intimate of knowledge, by failing to arrest Spidell prior to his burglarizing and vandalizing her home aided and abetted by Pleasant Grove officers, Corporal Stone, Officer Knight, Officer Gulley, and Sgt. Roberts.

32. With those officer's assistance as listed above on November 6, 2018 Spidell went into Plaintiff's home and vandalized it, committed burglary and theft of property.

33. On November 6, 2018 Plaintiff retuned to Pleasant Grove and immediately went to the Pleasant Grove Police Department to file a report on improper actions of the officers earlier that day.

34. On or about November 7, 2018 Detective Williamson and ADA Butler acted willfully, maliciously, in bad faith or mistaken interpretation of the law, and/or negligently,

carelessly, or with unskillfulness, failed to enforce the laws of this state by not issuing warrants for Auto Theft, burglary and Vandalism for Charles Spidell, after speaking directly with Plaintiff, who fully informed them of the requisite facts to establish probable cause for the issuing and pursuing said warrants to recover her property and damages through the available criminal procedure and statutes (See Exhibit C attached).

35. On November 7, 2018, the plaintiff went to the Jefferson Co. Sheriff Dept. to make a complaint of the vandalism and burglary, as well as Pleasant Groves Police Dept.'s lack of protection from her abuser.

36. In that report Plaintiff recounted to Deputy Bishop her complaint about the Pleasant Grove Police Departments willfully, maliciously, in bad faith or mistaken interpretation of the law, and/or negligently, carelessly, or with unskillfulness, by breaching a duty owed to the plaintiff and/or depriving the plaintiff of her interest in personal and real property, and failing to enforce the laws of this state, by removing Nally and Steve her authorized guests from her home and allowing Charles Spidell who was forbidden by Court Order to be on the premises, to burglarize and vandalize said premises, and refused to write a report on her claims in violation of her 14th Amendment Right to equal treatment under the law which they had also done in the past (See Exhibit D attached I/O Report JCSD 2018-00098590).

**COUNT ONE**

**GROSS NEGLIGENCE**

37. Plaintiff adopts and incorporates by reference each of the allegations, facts, and averments contained in the preceding paragraphs as if set out fully herein.

38. On or about November 6, 2018 Sergeant Roberts and all fictitious defendants, breached a duty of care owed to the plaintiff when they failed to enforce a properly issued Protective Order and Protection From Abuse (PFA) Order (Exb. A attached).

39. The Defendants breached a duty owed to the plaintiff, as set forth in Ala. Code 1975 §15-10-3(a), when with express and/or implied knowledge that the Jefferson County Family Court had enjoined Charles Spidell from any contact with the plaintiff or plaintiff's property, and ordered him to stay at least 300 feet from her, her property or residence.

40. A copy of said Order was provided to the Police Dept. on or about October 31, 2018, another copy was given to the officers responding to the plaintiff's house on November 6, 2018.

41. The above referenced statute allowed Pleasant Grove Police to arrest, without probable cause any person in violation of the order for protection from abuse but Defendants negligently failed to do so as required under the law.

42. The Defendants further breached their duty to the Plaintiff, as set forth in, Ala. Code 1975 §13A-6-143. The state legislature indicated its intent to protect all individuals, pursuant to a court order from acts of domestic violence by their alleged abuser.

43. This statute provides an officer with probable cause that an Order exists and authority for Sgt. Roberts and or the other officers present to arrest Spidell because he violated terms of the Order of Protection From Abuse they were aware of and in their presence.

44. The plaintiff avers that Kimberly Keys provided a copy of the PFA directly to the Pleasant Grove Police Dept. and her Uncle Steve stated that he gave Sgt. Roberts a copy when he arrived on the scene (Exhibit B attached).

45. On or about October 31st, the Pleasant Grove Police were put on notice that a PFA order was in effect, and there were several I/O reports or incidents where Spidell had unlawfully taken possessions of the plaintiff's out of the house.

46. As a direct and proximate consequence of named Defendants and fictitious defendants' acts of negligence and/or carelessness and/or unskillfulness, negligence, and/or wantonness, and/or gross negligence, and/or acts in bad faith and/or beyond his or her authority and/or under mistaken interpretation of the law and/or violation of Plaintiff's rights, Sgt. Roberts acted outside his discretion by failing to arrest Spidell for violating the PFA, which was the proximate cause of the plaintiff's home being burglarized and vandalized.

47. Shannon Daniel-Burt suffered physical and emotion distress, pain and suffering, and loss of personal property and the diminish value to her real property as a direct and consequential result of Defendant's acts of gross negligence and or other acts or omissions detailed in this Complaint.

WHEREFORE, the Plaintiff demands the following:

A. Compensatory damages against the Defendants jointly and severally in the sum of $100,000.00

B. Punitive damages in the sum of $500,000.00

C. Pre and Post Judgment Interest, cost of court, and attorney fees and grant such relief as this Court deems necessary.

**COUNT TWO**
**NEGLIGENT HIRING, SUPERVISION, AND TRAINING**

48. Plaintiff adopts and incorporates by reference each of the allegations, facts, and averments contained in the preceding paragraphs as if set out fully herein.

49. The Pleasant Grove Police Department breached a special duty owed to the plaintiff that was created by Ala. Code 13A- 6-143 (See para. 22).

50. The plaintiff submitted to the Pleasant Grove P.D. a copy of her Order of Protection PFA Order on or about October 31, 2018, A second copy was presented to an officer responding to the plaintiff's residence, on or about November 6, 2018 (Exhibit A).

51. Based on several prior complaints by the plaintiff to the Pleasant Grove Police Dept. and subsequent I/O reports, the responding officers knew or should have known that Charles Spidell's history of Physically and or emotionally abusing Burt and vandalizing the Plaintiff's property (Exhibit D and E).

52. At no time did Spidell present any documents or proof of any kind to verify that he owned property at the Plaintiff's residence, or that he had any right whatsoever to even be on Plaintiff's premises without her express consent at any time relevant to facts alleged in this complaint.

53. Plaintiff avers that on her previous complaints to the Pleasant Grove P.D. went unaddressed because they erroneously stated that the issue was a civil one, and that she needed a Protective Order or PFA Order (Exhibit C pp 2-8).

54. When Plaintiff provided Pleasant Grove with a Protective Order and PFA Order, Pleasant Grove P.D. failed to arrest Spidell as they were obligated to do based on the Orders being in place, instead they allowed the plaintiff's home to be burglarized and vandalized by Spidell the very person the issuing Court enjoined from having any contact with the plaintiff or her home which they knew at all times relevant to Burt's claims.

55. The plaintiff avers that, upon providing notice of the Protective Order and PFA Order to the Pleasant Grove P.D., she reasonably relied on the Pleasant Grove P.D. to enforce the orders, if and when Mr. Spidell violated appeared at her residence.

56. Pleasant Grove P.D. breached the duty owned to the plaintiff, when they failed to arrest Mr. Spidell on the scene, and allowed him to enter the plaintiff's residence without her consent and burglarize and vandalize it after clear notice the Protective Orders were in place as October 26, 2018 (Exhibit A p 5).

57. As a direct and proximate consequence of named Defendants and fictitious defendants' acts of negligence and/or carelessness and/or unskillfulness, negligence, and/or wantonness, and/or gross negligence, and/or acts in bad faith and/or beyond his or her authority and/or under mistaken interpretation of the law and/or violation of Plaintiff's rights Shannon Daniel-Burt suffered damages to her home, loss of personal and real property, emotional distress, pain and suffering.

58. Said Defendants including but not limited to Pleasant Grove officers, Corporal Stone, Officer Knight, Officer Gulley, and Sgt. Roberts. acted outside their discretion by failing to arrest Spidell for violating the Order of Protection and PFA,

59. Pleasant Grove officers, Corporal Stone, Officer Knight, Officer Gulley, and Sgt. Roberts. also failed to bar Spidell from entering the home while simultaneously unlawfully ordering Plaintiff's invited family and or guests out of the home which was the proximate cause of the plaintiff's home being burglarized and vandalized as alleged.

60. But for the Defendants Negligent, inadequate, and careless hiring of and failure to train the involved officers on the basic rights of Pleasant Grove citizens under the United States Constitution's Fourth, and Fourteenth Amendments and their duty to enforce those rights

during the dates and times relevant to this complaint, Plaintiff would not have suffered the damages set out above because of these officers deficient hiring, training, negligence, and supervision by the Pleasant Grove Police Department.

WHEREFORE, the Plaintiff demands the following:

D. Compensatory damages against the Defendants jointly and severally in the sum of $100,000.00

E. Punitive damages in the sum of $500,000.00

F. Pre and Post Judgement Interest, cost of court, and attorney fees and grant such relief as this Court deems necessary.

**COUNT THREE**
**UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AS PROTECTED UNDER 42 U.S.C 1983**

59. Plaintiff Daniel-Burt adopts and incorporates by reference each of the allegations, facts, and averments contained in the preceding paragraphs as if set out fully herein.

60. Plaintiff avers Pleasant Grove officers, Corporal Stone, Officer Knight, Officer Gulley, and Sgt. Roberts, individually, along with fictitious defendants A, B, and C, collectively with named defendants, were governmental actors and entities, who acted under the color of state law, deprived the plaintiff of her rights in her personal and real property, when the defendants entered on to her property and or into her residence without a warrant, probable cause, or lawfully issued Court Order.

61. Defendant then took possession and control of the home, removed the occupants lawfully in possession of the home with the knowledge and consent of the owner Plaintiff Burt, allowed aided and abetted, and or failed to prevent Spidell from burglarizing the home removing a Refrigerator, a Bed, two Doberman Dogs, a Python, two dirt bikes, a Raptor four wheeler, a 2002 Ford F-150 and a go cart all the property of the Plaintiff which Spidel neither produced or was asked to produce any indicia of ownership or rights to said items by Defendant's at the time (See Exhibit C attached).

62. Plaintiff suffered multiple damages to her home by way of vandalism and theft of attached fixtures and furnishings with an estimated total value of twenty (20) thousand dollars based on the violation of her rights to be free from unlawful searches and seizures.

63. The defendants, acts of negligence and/or carelessness and/or unskillfulness, negligence, and/or wantonness, and/or gross negligence, and/or acts in bad faith and/or beyond his or her authority and/or under mistaken interpretation of the law and/or deprived the Plaintiff of her rights to be free from unlawful seizure of her real and personal property without probable cause or a lawfully issued warrant to seize such property.

64. The Defendants seized the Plaintiff's property in violation of her rights and turned it over to Spidell with no legal authority to do so.

65. Because of said search and seizure by the defendants they aided and abetted Spidell in burglary, trespass, and vandalism by their unlawful seizure of her real and personal property.

66. The Pleasant Grove police officers violated Shannon Daniel-Burt's clearly established Constitutional rights against unlawful searches and seizures of her home and property on

or about November 6, 2018 when they seized said property and allowed it to be burglarized and vandalized under their custody and control.

67. Because the Defendant's acts and or omissions as detailed above were done under color of state law said Defendant's violated the federal constitution and are liable for Damages to Shannon Daniel-Burt as allowed by 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff demands the following:

A. Compensatory damages against the Defendants jointly and severally in the sum of $20,000.00.

B. Damages for Pain and suffering in the amount of $250,000.00.

C. Punitive damages in the sum of $1,000,000.00 for violation of her Civil and Constitutional rights.

D. Pre and post Judgement Interest, cost of court, and attorney fees and grant such relief as this Court deems necessary.

**COUNT FOUR**

**UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AS AUTHORIZED UNDER SECTION 42 U.S.C. 1983**

68. Plaintiff Daniel-Burt adopts and incorporates by reference each of the allegations, facts, and averments contained in the preceding paragraphs as if set out fully herein.

69. The Plaintiff alleges that Pleasant Grove officers, Corporal Stone, Officer Knight, Officer Gulley, and Sgt. Roberts and or others, unlawfully searched and seized her residence located at 424 4th Street, Pleasant Grove, Alabama 35127.

70. Said Defendants ordered the authorized occupants of the home at the time Ariel Nally and Steven Roberts, to vacate the premises before turning the home over to Charles Spidell who had no legal interest or authority over the premises whatsoever.

71. Defendants, by removing Nally and Roberts who had authorized custody and control of the subject premises, illegally vested possession custody and control of Burt's home and possessions in Charles Spidell.

72. Spidell then removed Plaintiffs personal property from her possession.

73. Defendants search and seizure of Plaintiff's home without procedural due process, then aiding and abetting the burglary and vandalism of the premises by Charles Spidell in giving him possession of the property, violated Plaintiff's right to be secure in her home as guaranteed by the Fourth Amendment to the United States Constitution.

74. Defendant's refusal to Protect Plaintiff's property from Spidell, and to protect the Plaintiff from Spidell when they came to her home on several occasions, and their refusal to remove Spidell even after notice of the Protective Order and PFA Order violated Plaintiff's right to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constriction.

75. The defendants Pleasant Grove officers, Corporal Stone, Officer Knight, Officer Gulley, and Sgt. Roberts, acts of negligence and/or carelessness and/or unskillfulness, negligence, and/or wantonness, and/or gross negligence, and/or acts in bad faith and/or beyond his or her authority and/or under mistaken interpretation of the law and/or deprived the Plaintiff

of her rights to be free from unlawful search and seizure of her real and personal property without, without notice and hearing, probable cause or a lawfully issued warrant to search and seize such property.

76. Because the Defendant's acts and or omissions as detailed above were done under color of state law said Defendant's violated the federal constitution are liable for Damages to Shannon Daniel-Burt as allowed by 42 U.S.C. § 1983.

77. Defendants acts and or omissions also were the proximate and direct cause of Plaintiff suffering emotional distress, pain and suffering, loss of use of real and personal property including but not limited to jewelry, an automobile, her home, and family pets which are irreplaceable.

WHEREFORE, the Plaintiff demands the following:

A. Compensatory damages against the Defendants jointly and severally in the sum of $100,000.00.

B. Punitive damages in the sum of $1,500,000.

C. Pre and Post Judgment Interest, cost of court, and attorney fees and grant such relief as this Court deems necessary.

**COUNT FIVE FAILURE TO INTERVENE**

78. Daniel-Burt adopts and incorporates by reference each of the above referenced allegations, facts, and averments contained in the preceding paragraphs, as if set out fully herein.

79. The Plaintiff alleges that Pleasant Grove officers, Corporal Stone, Officer Knight, Officer Gulley, and Sgt. Roberts and or others, unlawfully seized her residence located at 424 4th Street, Pleasant Grove, Alabama 35127 and while it was in their sole custody and control

they failed to intervene on Plaintiff's behalf to prevent the theft of her property from the residence and premises including but not limited to jewelry, furnishings, pets and vehicles by allowing Charles Spidell to enter and leave the property unabated by them in the unlawful theft of her property and vandalization of her home.

80. As a direct result of Defendant's failure to intervene at the scene while the thefts and vandalism was in progress in front of them, Plaintiff suffered financial loss, emotional pain and suffering and or other psychological injuries from defendants failure to intervene.

WHEREFORE, the Plaintiff demands the following:

A. Compensatory damages against the Defendants jointly and severally in the sum of $100,000.00

B. Punitive damages in the sum of $200,000.00

C. Interest and attorney fees and grant such relief as this Court deems necessary.

**JURY DEMAND**

Plaintiff hereby demands trial by struck jury.

Respectfully submitted,

Shannon Daniel-Burt

SHANNON DANIEL-BURT
Plaintiff

S/Tyrone Townsend
Tyrone Townsend
Attorney for Plaintiff

DEFENDANTS ADDRESS

City of Pleasant Grove Police Department
Karen Duncan City Clerk
501 Park Road
Pleasant Grove, Alabama 35127

CORPORAL JAMES J. WILLIAMSON
City of Pleasant Grove Police Department
Karen Duncan City Clerk
501 Park Road
Pleasant Grove, Alabama 35127

SERGEANT ALAN R. BAGWELL
City of Pleasant Grove Police Department
Karen Duncan City Clerk
501 Park Road
Pleasant Grove, Alabama 35127

Lt. DANIEL G. REID
City of Pleasant Grove Police Department
Karen Duncan City Clerk
501 Park Road
Pleasant Grove, Alabama 35127

CORPORAL MATTHEW STONE
City of Pleasant Grove Police Department
Karen Duncan City Clerk
501 Park Road
Pleasant Grove, Alabama 35127

OFFICER RYAN
City of Pleasant Grove Police Department
Karen Duncan City Clerk
501 Park Road
Pleasant Grove, Alabama 35127

ADA BUTLER
City of Pleasant Grove Police Department
Karen Duncan City Clerk
501 Park Road
Pleasant Grove, Alabama 35127