FILED
2021 Mar-25 PM 07:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| SHANNON DANIEL BURT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-01973-ACA |
| | ) | |
| CITY OF PLEASANT GROVE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS FIRST AMENDED**
**<u>COMPLAINT AND SUPPORTING BRIEF</u>**

COME NOW the Defendants, City of Pleasant Grove, Paul Roberts, Officer Kaylor, Bill Vick, Robert Knight, Daniel Reid, James J. Williamson, Alan R. Bagwell, Matthew Stone, Ryan Knight and Officer Gulley,[1] and file this Motion and memorandum brief, pursuant to Fed. R. Civ. P. 8(a) and 12(b), moving the Court for entry of an Order dismissing them as Defendants. In support of this Motion, Defendants aver as follows:

## FACTUAL ALLEGATIONS

The Plaintiff, Shannon Daniel Burt, was "formerly romantically involved with Mr. Charles Spidell." (Doc. 22, ⁋ 21). The First Amended Complaint alleges that

---

[1] The Plaintiff has never sought to serve Defendants Roberts, Vick, Kaylor, Knight or Gulley with a copy of the Summons and Complaint [*see* Doc. 1-1, ECF p. 21], and therefore, these five Defendants are due to be dismissed for lack of personal jurisdiction over them. Of course, all the other reasons for the dismissal of the Complaint discussed herein would be equally applicable to them, even if they had been served with a summons and the First Amended Complaint.

Mr. Spidell moved out of their home on October 14, 2018. (Doc. 22, ⁋ 22). It further alleges that "on or about October 26, 2018," Plaintiff Burt obtained a protective order against Mr. Spidell (Doc. 22, ⁋ 41), and that "on or about November 6, 2018," Spidell violated the protective order." (Doc. 22, ⁋ 45).

> Defendants Stone, Defendant Knight, Defendant Gulley and Defendant Roberts acted willfully, maliciously, in bad faith or mistaken interpretation of the law, and/or negligently, carelessly, or with unskillfulness, by breaching a duty owed to Ms. Daniel-Burt and/or depriving Ms. Daniel-Burt of her interest in personal and real property, and failing to enforce the laws of this state by not arresting Spidell who was in the act of violating a valid PFA.

(Doc. 22, ⁋ 54). Plaintiff Burt further alleges that the Pleasant Grove Police Dept. "failed to enforce a valid PFA" and that "Defendants then further violated Ms. Daniel-Burt's rights under Federal and State law by failing to prevent the burglary and vandalism" committed by Spidell. (Doc. 22, ⁋ 55, 56).

The Plaintiff's First Amended Complaint contains four counts on which she seeks relief: 1. Gross negligence; 2. Negligent hiring, supervision, and training; 3. Unlawful search and seizure in violation of the Fourth Amendment; and 4. Failure to intervene. (Doc. 22, ECF p. 13-20). The Plaintiff's First Amended Complaint does little or nothing to address the problems found in the original Complaint. (*See* Doc. 21, Order striking Complaint). Each count essentially adopts all allegations of the preceding paragraphs and each has been made against twelve (12) different Defendants, without specifying which of the Defendants are responsible for which

acts or omissions. Regardless, all claims asserted in the Plaintiff's First Amended Complaint are due to be dismissed as a matter of law.

## STANDARD OF REVIEW

When ruling on a motion to dismiss filed pursuant to Rule 12(b), the Court must "accept[] the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). However, "[t]o avoid dismissal, the 'complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> To decide whether a complaint survives a motion to dismiss, [courts] use a two-step framework. First, [they] identify the allegations that are "no more than conclusions." Conclusory allegations are not entitled to the assumption of truth. Second, after disregarding conclusory allegations, [they] assume any remaining factual allegations are true and determine whether those factual allegations "plausibly give rise to an entitlement to relief."

*McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018)(internal citations omitted). A "count supported only by conclusory allegations necessarily fails to state a claim." *L.S. v. Peterson*, 982 F.3d 1323, 1330 (11th Cir. 2020)(citing *Piazza v. Jefferson Cty.*, 923 F.3d 947, 958 (11th Cir. 2019)). These pleading standards govern "'**<u>all civil actions</u>** and proceedings in the United States district courts.'"

*Iqbal*, 556 U.S at 684 (citing Fed. R. Civ. P. 1). Therefore, they apply to "all civil cases in federal court, including state law claims removed to federal court." *Maness v. Boston Sci.*, 751 F. Supp. 2d 962, 966 (E.D. Tenn. Nov. 4, 2010); *see also Jaggars v. City of Sheffield*, 2014 U.S. Dist. LEXIS 69563, *9 fn. 4 (N.D. Ala. May 21, 2014).

Dismissal is proper pursuant to Fed. R. Civ. P. 12(b) where the plaintiff has simply failed to state a claim upon which relief can be granted. "A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory." *Brignac v. United States*, 239 F. Supp. 3d 1367, 1373 (N.D. Ga. 2017)(citing 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1216 (3d ed. 2002), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). Under Alabama law too, "[i]t is well settled that a plaintiff's complaint must plead a cognizable legal theory to defeat a motion to dismiss filed pursuant to Rule 12(b)(6)." *Am. Suzuki Motor Corp. v. Burns*, 81 So. 3d 320, 324 (Ala. 2011). Indeed, dismissal is proper where a plaintiff can prove no set of circumstance capable of demonstrating an entitlement to relief on a given claim. *Nance v. Matthews*, 622 So. 2d 297, 299 (Ala. 1993).

The entitlement of the individual officers to immunity under both federal and state law, also warrants dismissal of the Complaint. "Because qualified immunity is a defense not only from liability, but also from suit, it is 'important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as

possible.'" *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)(quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998)). As such, "the defense may be raised in a motion to dismiss." *O'Kelley v. Craig*, 781 Fed. Appx. 888, 893 (11th Cir. July 16, 2019)(citing *Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019). The Alabama Supreme Court has also repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Ex parte Watters*, 220 So. 3d 1093, 1097 (Ala. 2016).

## ARGUMENT AND POINTS OF AUTHORITY IN FAVOR OF DISMISSAL

The Plaintiff's First Amended Complaint in this case is due to be dismissed for several reasons, the first being its failure to comply with federal pleading standards as announced in *Iqbal* and *Twombly*. Nowhere does the Complaint provide the requisite specificity for demonstrating a plausible claim against the City of Pleasant Grove or the numerous individually named police officers for the City. The Complaint also exemplifies the strongly disfavored "shotgun" pleading style insofar as it repeatedly refers to "the Defendants" generally and incorporates the averments from prior paragraphs, making it impossible to decipher which allegations, conclusory though they are, have been made to support which claim for relief against which Defendant. These kinds of pleadings are regularly criticized for their shortcomings. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979

n.54 (11th Cir. 2008)(noting that between 1985 and 2008 the Eleventh Circuit "expressly condemned shotgun pleadings upward of fifty times").

In addition to its insufficient factual allegations, the Complaint is also due to be dismissed for failure to state claims upon which relief can be granted. The Complaint fails to demonstrate a violation of the Plaintiff's constitutional rights, and therefore fails to state a claim pursuant to 42 U.S.C. § 1983. Likewise, the Complaint fails to allege that the Defendants violated a duty owed to her under the law of Alabama which caused her damages. It also fails to assert a claim against the City of Pleasant Grove based on a cognizable theory of municipal liability under state law. The only purported basis for asserting liability under state or federal law is the alleged failure of officers of the City of Pleasant Grove to arrest a third-party, which does not support a viable claim against the City or any of the individually named police officers.

To the contrary, the basis for the Plaintiff's claims actually demonstrates that she lacks standing to bring suit in this case. Furthermore, the Plaintiff's damages arose from the independent actions of a criminal, meaning the Defendants cannot be the legal cause of them, and the U.S. Supreme Court has held that citizens lack standing to assert claims due to the government's failure to arrest or prosecut someone. Finally, the complaint is due to be dismissed because all individual Defendants are entitled to immunity under both state and federal law.

## I. The Complaint Fails to State a Claim upon which Relief can be Granted pursuant to 42 U.S.C. § 1983

42 U.S.C. § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). To bring a claim pursuant § 1983, a plaintiff must "prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). "In order to seek redress through § 1983 [], a plaintiff must assert the violation of a federal right." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)(emphasis original). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140. To do so, courts must "isolate the precise constitutional violation with which [the defendant] is charged." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Moreover, they "must identify a constitutional predicate for the imposition of any affirmative duty on a State." *Youngberg v. Romeo*, 457 U.S. 307, 319 n. 25 (1982).

Here, the Plaintiff has explicitly invoked the Fourth and Fourteenth Amendments in Count Three of the First Amended Complaint. Count Four alleges a claim for failure to intervene, which would appear to have been brought pursuant

to § 1983 also because no such cause of action exists under Alabama law.[2] All of the Plaintiff's claims arise from her allegations of the Defendants' "failing to arrest Spidell" and "not issuing warrants." None of the Plaintiff's claims found in Counts Two through Four demonstrate that any of the Defendants violated her rights under either the Fourth or Fourteenth Amendments. Further warranting their dismissal, the Plaintiff does not even identify what specific constitutional or federal right was allegedly violated

The Fourth Amendment establishes the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." The protections of the Fourth Amendment, though, apply to governmental actors, **not** the actions of private individuals, *i.e.* Charles Spidell. *See Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 614 (1989). A "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). The Fourth Amendment does not grant plaintiffs "a legally cognizable right to compel government officials to arrest or to prosecute a third party." *JL v. Mitchell*, 2016 U.S. Dist. LEXIS 118772,

---

[2] As already noted herein, a plaintiff must state a cognizable legal theory to defeat a properly supported motion to dismiss. *Burns*, 81 So. 3d at 324. In addition to failing to state a cognizable claim under Alabama law, claims alleging a government official's failure to intervene have been limited in the Eleventh Circuit to excessive force cases. *See Lawson v. Jones*, 2020 U.S. Dist. LEXIS 183269, *15-16 (S.D. Ala. Sept. 30, 2020)(holding that "[o]rdinarily, the Eleventh Circuit has limited failure to intervene claims to instances where there is an underlying incident of excessive force"); *Tarantino v. Citrus County Gov't*, 2014 U.S. Dist. LEXIS 124132, *36 (M.D. Fla. Sept. 4, 2014). This is <u>not</u> an excessive force case.

*8-9 (E.D. Va. Sept. 1, 2016). Plaintiff Burt has, therefore, "failed to state a claim under 42 U.S.C. §1983 upon which relief can be granted for Defendants' failure to arrest or pursue criminal charges against the alleged assailant in this case." *Id*; *see also Robert v. Abbett*, 2009 U.S. Dist. LEXIS 131476, *44 (M.D. Ala. March 12, 2009)(noting that plaintiff "failed to allege a cognizable constitutional violation" under the Fourth Amendment based upon the defendant's "failure to arrest someone").

Regarding the Fourteenth Amendment, it "cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests [protected by it] do not come to harm through other means." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). Rather, the Due Process Clause acts as "a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Id.* at 196. A governmental "official has a 'duty to protect individuals from harm by third parties' only when the individuals are in the official's custody." *L.S. v. Peterson*, 982 F.3d 1323, 1329 (11th Cir. Dec. 11, 2020)(quoting *White v. Lemacks*, 183 F.3d 1253, 1257 (11th Cir. 1999). Where an individual is not in an official's custody, he or she must allege the official's conduct was "arbitrary, or conscience shocking, in a constitutional sense" to show a Fourteenth Amendment violation. *Lemacks*, 183 F.3d at 1258. "[O]nly the most egregious official conduct"

constitutes arbitrariness under the Fourteenth Amendment. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998).

Nothing in the Complaint comes close to meeting these stringent standards. Again, a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, as the U.S. Supreme Court has held, "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor its 'substantive' manifestations." *Town of Castle Rock*, 545 U.S. at 768; *see also Coggins v. Abbett*, 2008 U.S. Dist. LEXIX 47372, * 26 (M.D. Ala. June 18, 2008)(holding that an alleged failure of the defendant to protect the plaintiff's property from his nephew does not amount to a "viable constitutional claim").

All claims asserted in the First Amended Complaint conceivably brought pursuant to 42 U.S.C. § 1983, *i.e.* Counts Two through Four, are due to be DISMISSED. They are due to be dismissed against the individually named Defendants for failure to state a claim upon which relief can be granted. On this basis, the City of Pleasant Grove is also entitled to dismissal of the claims against it. The City should receive dismissal due to the Complaint's complete absence of any allegations showing that the Plaintiff's even theoretical constitutional rights were violated as the result of the City's policies or customs. *See Board of County Commr's*

*v. Brown*, 520 U.S. 397, 403 (1997)(holding that a "plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury").

## II. The Complaint Fails to State a Claim upon which Relief can be Granted Pursuant to the Law of Alabama

Count One of the Plaintiff's Complaint asserts a claim for "Gross Negligence," and alleges that the Defendants breached duties "owed to the plaintiff, as set forth in Ala. Code 1975 § 13A-6-143." (Doc. 22, ⁋ 68). Gross negligence has been described as "that recklessness, or wantoness, or worse, which implies a **willingness to inflict the impending injury**, or a willfulness in pursuing a course of conduct which will naturally or probably result in disaster, or an intent to perpetrate wrong." *Ga. Pac. Ry. Co. v. Lee*, 92 Ala. 262, 270, 9 So. 230, 233 (1890). Plaintiff Burt has pleaded no facts demonstrating any actions or omissions by any Pleasant Grove police officer constitute gross negligence, and the Code sections she has cited do not create a duty that was supposedly owed to her.

The "existence of a duty is strictly a legal question." *DiBiasi v. Joe Wheeler Elec. Mbrshp. Corp.*, 988 So. 2d 454, 460 (Ala. 2008). The "existence of a duty is a question of law to be determined by the trial judge." *State Farm Fire & Cas. Co. v. Owens*, 729 So. 2d 834, 839 (Ala. 1998). Ala. Code § 13A-6-143 states that a "law enforcement officer **<u>may</u>** arrest any person for the violation of this article if the officer has probable cause to believe that the person has violated any provision of a

valid domestic violence protection order." The cited statutes govern the conditions under which an officer is permitted to make and arrest, but certainly do not compel the officer do so. The Alabama Supreme Court "has long recognized that words such as 'may' … denote permissive alternatives, not mandatory restrictions." *Bowdoin Square, L.L.C. v. Winn-Dixie Montgomery, Inc*., 873 So. 2d 1091, 1098-1099 (Ala. 2003).

Thus, the Plaintiff is simply incorrect in asserting that an affirmative duty was placed on the "Defendants" to arrest Mr. Spidell. To the contrary, Alabama law clearly places discretion in law enforcement officers as to when or when not to make any such arrest. "[W]hether to make a warrantless arrest, and how to effect that arrest, represent discretionary functions." *City of Birmingham v. Sutherland*, 834 So. 2d 755, 760 (Ala. 2003); *see also Greene v. Byrd*, 897 So. 2d 1107, 1115 (Ala. Civ. App. 2003)(noting that "[g]enerally, arrests and attempted arrests are classified as discretionary functions"). Absent circumstances not present here, a defendant is "not liable in tort for its failure to protect against the criminal propensity of third persons." *Calogrides v. Mobile*, 475 So. 2d 560, 561 (Ala. 1982).

Additionally, any act or omission of the Defendants was not the legal or proximate cause of the Plaintiff's claimed injuries. "Negligence alone does not afford a cause of action. Liability will be imposed only when negligence is the proximate cause of injury." *Vines v. Plantation Motor Lodge*, 336 So. 2d 1338, 1339

(Ala. 1976). The Alabama Supreme Court has consistently found, as a matter of law, that the intentional or criminal acts of a third party (such as Mr. Spidell here) to be an independent, intervening cause of injury, which prevents any act or omission of the defendant from being the proximate cause necessary to support the plaintiff's cause of action. *S.B. v. St. James Sch*., 959 So. 2d 72, 97 (Ala. 2006)(concluding that the "intentional act of disseminating the photographs to others constitutes a sufficient intervening cause that supersedes [the defendant's] failure to delete the photographs as the proximate cause of the [plaintiff's] injuries"); *Gilmore v. Shell Oil Co.*, 613 So. 2d 1272, 1276 (Ala. 1993)(noting that "negligence actions … will generally not lie … [due to] a deliberate intervening act exonerating the defendant from legal responsibility"); *Mobile v. Largay*, 346 So. 2d 393, 395 (Ala. 1977); *Vines*, *supra*, 336 So. 2d at 1339 (affirming summary judgment and holding that the "negligent driving of the thief was the proximate cause of the injuries," not any claimed negligence of the defendant).

Therefore, and for all the foregoing reasons, all claims brought by the Plaintiff pursuant to State law and specifically those found in Count One of the Complaint alleging Gross Negligence, are due to be DISMISSED. Count Two of the First Amended Complaint, for negligent hiring, supervision and training, if made pursuant to state law, is also due to be dismissed. First, because no such claim is cognizable against an Alabama municipality, which may only be liable based upon a *respondeat*

*superior* theory. Second, because a supervisory employee cannot be liable in tort for hiring, training or supervising another employee, thereby precluding liability against the City, and third, because any such supervisory employee would be entitled to immunity, thereby entitling the City to immunity as well.

As a general principle, municipalities in Alabama are immune from tort liability. *Ex parte City of Bessemer*, 142 So.3d 543, 550 (Ala. 2013). However, a narrow exception to that immunity has been created by Ala. Code § 11-47-190, but it limits that liability against a city or town to the "neglect, carelessness or unskillfulness" of its agents, officers or employees. *Id.* This exception "limit[s] municipal liability to…the doctrine of respondeat superior for injuries that result from the wrongful conduct of its agents or officers in the line of duty." *City of Lanett v. Tomlinson*, 659 So.2d 68, 70 (Ala. 1995); *see also Morrow v. Caldwell*, 153 So. 3d 764, 769-770 (Ala. 2014)(noting that the Court "has interpreted the first sentence of § 11-47-190 as serving 'to limit municipality liability to … the doctrine of respondeat superior'"). The municipal liability allowed under § 11-47-190 "necessarily means to exclude liability on any other count." *Hilliard v. Huntsville*, 585 So. 2d 889, 893 (Ala. 1991).

Thus, municipalities in Alabama may only be liable based upon alleged negligent-type conduct of an employee. Alabama law does not, though, allow one employee to be liable for negligently failing to train or supervise another employee.

This is so because there exists no employer/employee or master/servant relationship amongst co-employees. *See* Restatement (Third) of Agency § 1.04 cmt. i (2006)(a "superior coagent's right to direct a subordinate coagent does not itself create relationship of agency between them").

> The tort of negligent, wanton, or intentional hiring, training, or supervision is incident to the master-servant relationship. It is the master, or employer, who owes the duty of care to others. Co-employees, even supervisory co-employees, personally owe no common-law duty to others to supervise their subordinates in any particular way to prevent torts. A supervisor's duty to supervise competently runs to his master, and if he fails to do so, resulting in a subordinate's incompetence causing harm to another, it is the master, not the supervisory employee, who is responsible in law.

*Anderson v. City of Homewood*, 2016 U.S. Dist. LEXIS 178618, *40 n. 22 (N.D. Ala. Dec. 27, 2016). The Alabama Supreme Court has also held that, "as a matter of law, the doctrine of respondeat superior does not hold supervisors, as co-employees, vicariously liable for the torts of their subordinates." *Ware v. Timmons*, 954 So.2d 545, 555 (Ala. 2006)(all emphasis added); *see also Turner v. Hayes*, 719 So.2d 1184, 1188 (Ala. Civ. App. 1997), rev'd on other grounds, *Ex parte Atmore Comm. Hospital*, 719 So.2d 1190, 1192 (Ala. 1998)(holding that "we find no authority that would support a finding of an agency relationship between co-employees").

That one employee cannot be liable for the negligent hiring, training or supervision of another employee means there can be no respondeat superior liability

against the employer, here the City of Pleasant Grove. "To recover against a defendant on the theory of respondeat superior, it is necessary for the plaintiff to establish the status of master and servant and to establish that the act was done within the scope of the servant's employment." *Williamson v. Tyson Foods*, 626 So. 2d 1261, 1263 (Ala. 1993)(internal citations omitted); *see also Alabama Power Co. v. Key*, 140 So. 233, 233 (Ala. 1932)(holding that "[h]e who relies upon the doctrine of respondeat superior to fasten liability for tort [must prove] the relation of master and servant, principal and agent"). Where the employee can "no longer be held liable for the tort claims asserted against him, [his employer cannot] be held liable under the doctrine of respondeat superior." *Jones Express, Inc. v. Jackson*, 86 So. 3d 298, 308 (Ala. 2010); *see also Daugherty v. M-Earth of Alabama, Inc.*, 519 So. 2d 467, 469 (Ala. 1987)(noting that "[w]here the employer's liability rests solely on respondeat superior, an adjudication acquitting the employee of negligence will stand as a bar to a subsequent suit against the employer"); *Larry Terry Contractors, Inc. v. Bogle*, 404 So. 2d 613, 614 (Ala. 1981).

Simply stated, a municipality in Alabama cannot be held liable for a claim based upon a failure to train or supervise an employee because the other supervising employee of the City cannot be found liable either. *Hand v. Univ. of Ala. Bd. of Trs.*, 304 F. Supp. 3d 1173, 1182-3 n.7 (N.D. Ala. 2018); *Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1314-15 (S.D. Ala. 2001). Therefore, the claims found in Count

Two are also due to be DISMISSED. The claims found in Count Four are due to be DISMISSED because there exists no claim for failure to intervene under Alabama law, and it therefore fails to state a cognizable legal theory.

## III. The Defendants are Immune from All Claims Asserted Against Them

The individually named Defendants are entitled to the application of immunity from the First Amended Complaint's claims brought pursuant to both state and federal law. Ala. Code § 6-5-338(a) provides a police officer with "immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties." Where an officer is entitled to the protection of immunity pursuant to § 6-5-338, so too is the city that employs him or her. *Hollis v. City of Brighton*, 950 So. 2d 300, 306 (Ala. 2006); *Ex parte City of Montgomery*, 272 So. 3d 155, 169 (2018).

A police officer initially bears the burden of demonstrating that he was performing a discretionary function that would entitle him to immunity. *Ex parte Estate of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006). As mentioned previously, whether to make an arrest is a discretionary function. *Sutherland*, 834 So. 2d at 760. So too, the supervision of other employees is also a discretionary function. *Ex parte Trottman*, 965 So. 2d 780, 786 (Ala. 2007); *Ex parte Spivey*, 846 So. 2d 322, 331 (Ala. 2002)(holding that a "State agent is [] immune from civil liability for exercising judgment in supervising personnel"). Having made this showing, "the

burden then shifts to the plaintiff to show that [the Defendants] acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." *Ex parte Cranman*, 792 So. 3d 392, 402, n.13 (Ala. 2000).

She has not done so. To avoid dismissal, Plaintiff Burt was required to plead "factual allegations" in her Complaint. *Ex parte Gilland*, 274 So. 3d 976, 985 n. 3 (Ala. 2018); *see also Bogle v. Galanos*, 503 So. 2d 1217, 1218-19 (Ala. 1987)(noting that "[w]here immunity is involved, the complaining party must specifically allege facts to show how the acts of the defendant are beyond the scope of immunity"). This Court is "not required to accept her conclusory allegations that [the Defendants] acted willfully, maliciously, fraudulently, or in bad faith." *Ex parte Gilland*, 274 So. 3d at 985 n. 3. "Rather, to survive [the Defendants'] motion to dismiss, [the Plaintiff] was required to plead facts that would support those conclusory allegations." *Id.* Because Plaintiff Burt has not plead any facts that prevent the application of immunity to the individual officers, and thus the City also, they are entitled to the application of immunity and the claims against them should be DISMISSED.

The individual Defendants are also entitled to the application of qualified immunity from any and all claims asserted against them under federal law. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800,

818 (1982). "The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities." *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003). To receive qualified immunity, a government official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks omitted). "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Id.* To do so, the plaintiff must first allege that the facts of the case, if proven to be true, would make out a constitutional violation. *Pearson v. Callaghan*, 555 U.S. 223, 232 (2009). Second, the plaintiff must show that the constitutional right was "clearly established" at the time of the alleged misconduct. *Id.*

For the reasons already discussed herein, the Plaintiff has shown no violation of a constitutional right, warranting the application of qualified immunity without necessitating further analysis. Had Plaintiff Burt sufficiently alleged a violation of a federally protected right, the individual officers would still be entitled to the application of immunity as any such right would certainly not have been clearly established at the time of the alleged misconduct.

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be 'settled law.' … It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official

> would interpret it to establish the particular rule the plaintiff seeks to apply. … **The 'clearly established' standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him**. The rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' This requires a high 'degree of specificity.'

*District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (U.S. 2018). Thus, "'clearly established' law should not be defined 'at a high level of generality,'" but must instead be "'particularized' to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (U.S. 2017). In order to demonstrate that a right is clearly established for the purposes of avoiding the application of qualified immunity, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

In the absence of such existing precedent governing the facts of this case, the individual officers should receive qualified immunity from the Plaintiff's claims under § 1983. Not only is there no such precedent, but, conversely, courts have awarded qualified immunity where officers have failed to make an arrest for the supposed violation of a protective order. *See, e.g., Hudson v. Hudson*, 475 F.3d 741, 746 (6th Cir. 2007)(holding that police officers' failure to arrest the alleged violator of a protective order transgressed no federal right, and awarding qualified immunity to the officers); *Burella v. City of Philadelphia*, 501 F.3d 134, 150 (3rd Cir. 2007)(awarding qualified immunity to claims based upon a failure to arrest).

Because the individual officer Defendants are entitled to the application of qualified immunity, all claims brought against them pursuant to § 1983 are due to be DISMISSED.

## CONCLUSION

WHEREFORE, the foregoing premises considered, the Defendants, the City of Pleasant Grove, James J. Williamson, Alan R. Bagwell, Daniel G. Reid, Matthew Stone, and Officer Ryan, respectfully ask this Court to DISMISS the Complaint and for any further relief deemed appropriate under the circumstances.

s/ R. Warren Kinney
James W. Porter, II
Richard Warren Kinney

OF COUNSEL:

**Porter, Porter & Hassinger, P.C.**
880 Montclair Road, Ste. 175
Birmingham, AL 35213
Phone: (205) 322-1744
jwporterii@pphlaw.net
wkinney@pphlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court via the CM/ECF system which will send notification of such filing upon the following, this the 16th day of December 2020.

Tyrone Townsend
**The Townsend Law Firm**
PO Box 2105
Birmingham, AL 35201-2105
ttowns1@msn.com

Brad Chynoweth
**OFFICE OF ATTORNEY GENERAL**
501 Washington Avenue
Montgomery, Alabama 36130-0152
Phone: (334) 242-7300
Fax: (334) 353-8400
Brad.Chynoweth@AlabamaAG.gov

s/ R. Warren Kinney
OF COUNSEL