# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHANNON DANIEL BURT,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | 2:20-cv-01973-ACA |
| | ] | |
| **CITY OF PLEASANT GROVE, ALABAMA, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

In Plaintiff Shannon Daniel Burt's operative complaint, she named twelve defendants: (1) Assistant District Attorney James Butler ("ADA Butler"); (2) the City of Pleasant Grove, Alabama; (3) Chief of Police Robert Knight; (4) Lieutenant Daniel Reid; (5) Corporal James Williamson; (6) Corporal Mathew Stone; (7) Sergeant Bill Vick; (8) Sergeant Paul Roberts; (9) Sergeant Alan Bagwell; (10) Officer Ryan Knight; (11) Officer first name unknown ("FNU") Kaylor; and (12) Officer FNU Gulley. (Doc. 26). She asserted claims for gross negligence, negligent hiring, supervising, and training, unlawful seizure, and failure to intervene. (*Id*.).

The court dismissed six of those defendants (ADA Butler, Sergeant Roberts, Sergeant Vick, Officer Kaylor, Officer Knight, and Officer Gulley) for insufficient service of process, dismissed another five (the City, Chief Knight, Lieutenant Reid,

Corporal Williamson, and Sergeant Bagwell) for failure to state a claim, and dismissed one count against Corporal Stone based on peace officer immunity. (Doc. 38). That left only two counts against Corporal Stone.

Ms. Burt has now moved to amend the operative complaint to rename each of the dismissed defendants except Officer Gulley and to add two federal municipal liability claims and a substantive due process claim. (Doc. 42; Doc. 42-1 at 2–3). She has also moved for an extension of time to serve the unserved defendants. (Doc. 43). Because Ms. Burt has not shown that amendment to add the unserved defendants back in is warranted and because the other proposed amendments would be futile, the court **DENIES** the motion to amend. The court **DENIES AS MOOT** the motion for an extension of time to serve the defendants.

### I.   PROCEDURAL HISTORY

Ms. Burt filed her initial complaint in state court on September 8, 2020. (Doc. 1-1). After ADA Butler moved to dismiss the complaint for lack of personal jurisdiction based on insufficient service (doc. 1-3 at 2–3), the City removed the case to federal court (doc. 1). The court, finding that the initial complaint was a shotgun pleading, ordered Ms. Burt to amend the complaint. (Doc. 21). Ms. Burt's amended complaint named the defendants and claims listed above. (*See* Doc. 22). ADA Butler filed one motion to dismiss the amended complaint (doc. 24), and the remaining defendants filed another motion to dismiss the amended complaint (doc.

2

26).  The defendants raised various grounds for dismissal, including insufficient service and failure to state a claim.  (Docs. 24, 26).

In the memorandum opinion addressing the motions to dismiss, the court described Ms. Burt's factual allegations in detail and will not repeat them here.  (*See* Doc. 37 at 5–10).  The court ultimately found that Ms. Burt had not served ADA Butler, Sergeant Roberts, Sergeant Vick, Officer Kaylor, or Officer Knight.[1]  (*Id.* at 13–16, 18–19).  Although Ms. Burt did not request an extension of time to serve those defendants, the court *sua sponte* considered whether an extension was warranted for any defendant and decided that it was not.  (*Id.* at 16–20).  In determining whether to exercise its discretion to grant an extension, the court considered the factors discussed by the Eleventh Circuit as well as the other circumstances presented by this case.  *See* Fed. R. Civ. P. 4(m); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  The court then determined that Ms. Burt failed to state a claim against any of the remaining defendants except Corporal Stone.  (Doc. 37 at 26–36).  The court denied Corporal Stone's motion to dismiss the unlawful seizure and failure to intervene claims, and those are the only claims that remain in the case at this point.

---

[1] The court also dismissed Officer Gulley for insufficient service, but because Ms. Burt does not seek to rename him as a defendant, the court will not address him any further.

## II.    DISCUSSION

Ms. Burt has now moved to file a second amended complaint.  (Doc. 42). Corporal Stone, the only defendant remaining in the case, opposes amendment.[2] (Doc. 45).

At this stage in the case, the Federal Rules of Civil Procedure require a party seeking to amend a pleading to obtain the court's permission to do so. Fed. R. Civ. P. 15(a)(1)(2).  "The court should freely give leave when justice so requires."  *Id.*  "[U]ndue delay, undue prejudice to the defendants, and futility of the amendment" are grounds to deny leave.  *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015) (quotation marks omitted)

The court has carefully compared the proposed second amended complaint to the operative amended complaint.  The proposed amended complaint changes some wording and expressly incorporates into the body of the complaint facts that were

---

[2] The court notes Corporal Stone's argument that both the amended complaint and proposed second amended complaint are shotgun pleadings.  (Doc. 45 at 3–4).  They are not.  Both pleadings specify which defendants took which actions and which claims are asserted against each defendant.  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1326 (11th Cir. 2015) (finding that a complaint was not a shotgun pleading because "whatever their faults, these two counts are informative enough to permit a court to readily determine if they state a claim upon which relief can be granted").

The court also notes Corporal Stone's argument that the court has already determined that any re-filed claims would be barred by the statute of limitations.  (Doc. 45 at 5 n.1).  Although the court considered the effect of the statute of limitations in declining to *sua sponte* extend the time to serve, the court did not make a finding about whether the statute of limitations would bar any re-filed claims.  The court simply determined that, even if the statute of limitations would bar the claims, an extension was not warranted.

4

before incorporated by reference to attachments to the amended complaint. But the factual allegations themselves have not changed. Other than renaming the dismissed defendants and re-asserting the dismissed claims, the only change proposed is the addition of municipal liability and substantive due process claims. (*See* Doc. 42-1 at 2–3).

With respect to the five defendants that this court dismissed for insufficient service, the motion to amend is, in all but name, a motion to reconsider the court's decision not to *sua sponte* grant an extension of time to serve the unserved defendants. "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citation and quotation marks omitted). Ms. Burt does not point to any circumstances that have changed between Defendants' filing of the motions to dismiss, briefing on those motions, the court's issuance of the memorandum opinion and order, and Ms. Burt's filing of her motion to amend. The arguments she now makes in support of an extension of time to serve were available before the court issued its order. The court declines to reconsider its order dismissing those defendants and declining to extend the time for service.

Even if the court did not find the motion to rename the unserved defendants to be a motion for reconsideration, the court would deny amendment. At this point, the case against the unserved defendants has been pending since either September 8, 2020 (if they were named in the initial complaint) or March 11, 2021. (*See* Docs. 1-1, 22). Despite being faced with motions to dismiss that expressly argued about the insufficiency of service, Ms. Burt made no attempt to even begin service of process on them or to seek an extension of time to serve them. Only after the court dismissed them for insufficient service did Ms. Burt seek to rectify the lack of service. The court finds that Ms. Burt has unduly delayed this part of the proposed amendment and that the proposed amendment would unfairly prejudice the unserved defendants.

Aside from the five defendants dismissed for insufficient service, Ms. Burt also seeks to add back the five defendants dismissed for failure to state a claim against them. (Doc. 42-1 at 2). With respect to this request, the court finds that amendment would be futile. *See Haynes*, 793 F.3d at 1250. The re-formatted factual allegations in the proposed second amended complaint still do not state a claim against those defendants.

Finally, amendment to permit the proposed new claims would be futile. (*See* Doc. 37 at 27–28 (describing the failure of the amended complaint's supervisory liability claim, which largely mirrors the proposed municipal liability claims)); *see L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1329–31 (11th Cir. 2020)

(discussing the standard for a substantive due process claim in a non-custodial setting).

In summary, the court finds that justice does not require permitting the proposed amendment. The court **DENIES** the motion to amend and **DENIES AS MOOT** the motion for an extension of time to serve the defendants.

**DONE** and **ORDERED** this December 14, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE